UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21671-CIV-TORRES

DEANNA COSSIO and,
ROBERT COSSIO, her husband,

    Plaintiffs,

v.

FONTAINEBLEAU FLORIDA
HOTEL, LLC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' Motin for Reconsideration [D.E. 102] of this Court's Order granting summary judgment in favor of the remaining Defendant in the case, Fontainebleau Florida Hotel LLC. The Court has reviewed the motion, Defendant's response, the reply, and the entire record in the case. For the following reasons, the motion will be Denied.

1.    Upon reviewing Plaintiff's pending motion for reconsideration, which presented a more compelling and persuasive argument in opposition to Defendant's motion for summary judgment, the Court granted Plaintiff's request for plenary reconsideration of the motion for summary judgment, although Defendant correctly points out that the motion did not present any specific basis to re-open consideration of an issue thoroughly reviewed and addressed in this Court's Order. The primary difference between Plaintiffs' original response and the pending motion is the strength

of the presentation. The substantive arguments raised, however, are largely the same, and the evidentiary bases for those arguments have not changed.

2. Nevertheless, in deference to Plaintiffs' persuasive re-arguments, the Court has once again reviewed in detail the evidentiary record on Defendant's Rule 56 motion for summary judgment. The Court will not rehash its own Order here other than to say that the Court is convinced once again that its original Order is sound and warranted by the existing record and the law that applies.

3. The bottom line is that the only conflict that exists in this record with respect to Lt. Glam's actions and this Defendant's liability that arises from those actions is between Lt. Glam's sworn testimony and Plaintiffs' counsel. Lt. Glam's testimony that *he* considered himself governed primarily by his obligations as a City of Miami Beach Police Officer, rather than as paid security for Defendant Fontainebleau, has not been rebutted by any contradictory *sworn* testimony. As a result, how a reasonable juror could find that his testimony can simply be discounted, and liability flow from his actions to the Defendant rather than the City of Miami Beach, is difficult to fathom. The jury would have no evidentiary basis with which to find that he was not telling the truth with respect to this issue. Faced with that unrebutted testimony, the jury would have to find that the City was liable, but not this Defendant, for Lt. Glam's decisions and actions that evening.

4. Moreover, there is no testimony (expert or otherwise) that could have been presented by Plaintiffs from which a jury could conclude, short of sheer speculation, that one, two or more (or better trained or supervised) security guards in the pool area

would have made any difference in terms of the fight that broke out in the pool and involved Brandon Cossio. And, there has been no suggestion by Plaintiffs of any other action that could or should have been taken by Hotel security personnel to prevent what occurred. Access to the pool area was monitored and limited to the Hotel's patrons and their guests, and there is no indication that the number of patrons and guests in the area at the time of the incident exceeded any governmental maximum safe occupancy limits.

5. The only competent testimony before the Court was that Hotel security personnel performed quite properly, which would seem to be self-evident from the fact that the only individuals claiming to have been injured that day (out of the sizeable Fourth of July crowd) were Brandon (who was convicted of disorderly intoxication and has not sued) and Mrs. Cossio, who injected herself into the confrontation between Brandon and the two City of Miami Beach police officers summoned to the scene. To this day, Plaintiffs have not listed any witness who has testified (or they would offer to testify) regarding the standard of care, including such subjects as industry custom and practice or industry standards pertaining to what would be considered a reasonable level of security to be provided at a resort hotel under similar circumstances to those presented at the Fontainebleau.

6. In short, the burden is on Plaintiffs to put forth some competent evidence from which the jury could determine the applicable standard of care and what is reasonable and then whether a breach of that standard occurred which was a legal cause of the injuries sustained. The absence of such competent evidence in this record compels summary judgment in favor of Defendant.

7. In the last analysis, the record before the Court continues to be legally insufficient to raise any "genuine" issue of fact on the question of standard of care and breach, especially in view of the fact that there is nothing to contradict Lt. Gam's testimony establishing that the Hotel security personnel "were very professional" and "considering the fact that they are not trained police officers, ... did an exceptional job, under the circumstances." Based on the law and the facts, the Fontainebleau is entitled to the entry of a summary judgment in its favor as to the allegations of negligence lodged against it in Plaintiffs' pending Amended Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration [D.E. 102] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2010.

  /s/ Edwin G. Torres  
EDWIN G. TORRES  
United States Magistrate Judge